UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID STARK; BILLY SMALL, JR.; LINDA WHITE, individually and as successor-in-interest of the ESTATE OF CHARLES WHITE; GAYLON MURRY; RUTH KENNON, individually and as successor-in-interest of the ESTATE OF JAMES KENNON; and NANCY HOOSER,<br><br>Plaintiffs,<br><br>v.<br><br>McKESSON CORPORATION; BRISTOL-MYERS SQUIBB COMPANY; PFIZER, INC.; and Does 1–100, inclusive,<br><br>Defendants. | No. 2:17-cv-00095-MCE-CKD<br><br>**MEMORANDUM AND ORDER** |

  This suit arises out of alleged defects in the pharmaceutical product Eliquis. Plaintiffs are four individuals who used Eliquis and two successors-in-interest of individuals who allegedly died as a result of their Eliquis usage. Defendants are two pharmaceutical manufacturers—Bristol-Myers Squibb Co. ("BMS") and Pfizer, Inc.—and one pharmaceutical distributor—McKesson Corp. The suit was originally filed in the San Joaquin County Superior Court, but was removed to this Court by Defendants BMS and Pfizer on January 17, 2017. ECF No. 1. In removing the suit, BMS and Pfizer claim

that McKesson (a California citizen for diversity purposes) was fraudulently joined in order to destroy diversity.

This suit is one of a number of Eliquis cases currently pending in both California and federal courts.  On February 7, 2017, the U.S. Judicial Panel on Multidistrict Litigation ("MDL Panel") ordered that 34 Eliquis federal cases be transferred to the Southern District of New York "for coordinated or consolidated pretrial proceedings." Transfer Order, ECF No. 19-15, at 4.  The same day, the Panel issued a conditional transfer order for 16 other Eliquis cases, including this one.  Conditional Transfer Order, ECF No. 19-16, at 2–3.  Plaintiffs have stated their intent to oppose that transfer.  Pls.' Opp'n to Mot. to Stay, ECF No. 20, at 3.  Furthermore, Plaintiffs have petitioned the Chair of the Judicial Council of California for coordination of the pending California Eliquis Cases.  Id. at 2.  That petition was set for hearing on March 8, 2017.  Id.

Pending before the Court now are Defendants' Motions to Dismiss for Lack of Jurisdiction, to Stay, and to Drop Parties for Improper Joinder, as well as Plaintiffs' Motion to Remand.  ECF Nos. 5, 7, 15–16.  For the reasons provided below, Defendants' Motion to Stay is GRANTED.  Accordingly, the Court does not address the three other pending motions, which are stricken without prejudice to refiling, if appropriate, when the stay is lifted.[1]

## DISCUSSION

A "trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." Mediterranean Enters., Inc. v. Ssangyong Corp., 708 F.2d 1458, 1465 (9th Cir. 1983) (quoting Leyva v. Certified Grocers of Cal., Ltd., 593 F.2d 857 863–64 (9th Cir. 1979).  The power to issue a stay

---

[1] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Cal. Local R. 230(g).

derives from a federal district court's power to control its docket and ensure that cases before it are justly determined. Leyva, 593 F.2d at 864. When considering a motion to stay, the court weighs a series of competing interests:

> the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962) (citing Landis v. N. Am. Co., 299 U.S. 248, 254–55 (1936)).

In the context of staying proceedings pending a motion before an MDL Panel, these factors are better framed as follows: "(1) conserving judicial resources and avoiding duplicative litigation; (2) hardship and inequity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." Lingle v. DePuy Orthopaedics, Inc., No. 11cvl486 L(MDD), 2011 WL 5600539, at *1 (S.D. Cal. Nov. 17, 2011). Application of these factors to the instant case weighs in favor of implementing a stay and declining to address the three other motions pending before the Court.

First, there is no indication that a short stay pending resolution of the conditional transfer of this case to the JPML would prejudice Plaintiffs. They claim that should a stay issue, they would "be forced to file and argue motion to remand in two different courts." Pls.' Opp'n to Mot. to Stay, at 6. It is unclear, however, why such a result would cause prejudice. Either the case will be transferred to the pending MDL court proceeding or it will remain before this Court. In either case, only one court will hear and rule on the pending motion to remand. Second, there is the potential for inequity if the action is not stayed. Identical jurisdictional issues raised here are raised in the various Eliquis cases now pending in the MDL proceeding. Decl. of Brooke Kim, ECF No. 7-1, ¶¶ 9–11. Without a stay, Defendants would have to argue almost identical motions before different courts, potentially creating conflicting results. Finally, judicial economy warrants a stay. If the case is transferred to the MDL proceeding, one court will be in the

position to decide the identical jurisdictional issues presented by each case. Accordingly, the Court finds that a stay of the proceedings is appropriate in this case.[2]

**CONCLUSION**

For the reasons provided above, Defendants' Motion to Stay, ECF No. 7, is GRANTED. All proceedings in this case are hereby stayed pending a final ruling by the MDL Panel on In re: Eliquis (Apixaban) Products Liability Litigation, MDL No. 2754. The parties are directed to file a Joint Status Report advising the Court of the status of the motion pending before the MDL Panel every forty-five (45) days; the first such report must be filed not later than forty-five (45) days after this Order is electronically filed. Failure to do so may result in monetary sanctions and/or dismissal of this action for noncompliance with the Court's Order and/or the failure to prosecute. The remaining pending Motions, ECF Nos. 5, 15–16, are stricken without prejudice to refiling, if appropriate, when the stay is lifted.

IT IS SO ORDERED.

Dated: March 27, 2017

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[2] Though the Court does not address the merits of Plaintiffs' Motion to Remand, it is appropriate to briefly address the motion here. When there are competing motions to stay and remand, some courts apply a three-step test to determine whether to address the motion to remand, which first requires a "preliminary assessment" of the motion to remand. Conroy v. Fresh Del Monte Produce, Inc., 325 F. Supp. 2d 1049, 1053 (N.D. Cal. 2004). However, "[t]he Ninth Circuit has not expressly adopted this approach." Id. Plaintiffs urge this Court to apply this three-step test. See Pls.' Opp'n to Mot. to Stay, ECF No. 20, at 5–6. The Court here declines to do so, given the factors addressed above that counsel issuing a stay.